IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| ABUDU JOHN IGEIN, | : | CASE NO. 25-50776-PMB |
| | : | |
| Debtor. | : | |
| | : | |
| _____ | : | |
| PERFORMANCE FINANCE (A DIVISION OF EVERGREEN BANK GROUP), | : | |
| | : | |
| Movant, | : | CONTESTED MATTER |
| | : | |
| v. | : | |
| | : | |
| ABUDU JOHN IGEIN, Debtor; and MELISSA J. DAVEY, Trustee, | : | |
| | : | |
| Respondents. | : | |

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

COMES NOW Performance Finance (a division of Evergreen Bank Group) (the "Movant"), a creditor of the referenced Debtor, and hereby moves this Court to deny confirmation of Debtor's Chapter 13 Plan. In support of its objection, the Movant shows the Court as follows:

1.

On 01/24/2025, Abudu John Igein ("Debtor") filed a *second* Voluntary Petition pursuant to 11 U.S.C. Section 1301 et seq., and said case is presently pending before this Court. Debtor's prior Chapter 13 case, Case 24-63649-PMB, was filed December 31, 2024 and dismissed January 17, 2025 for failure to pay filing fee.

2.

Movant has a net claim in this case in the approximate amount of $19,196.04 secured by a 2022 Polaris Slingshot (the "Collateral").

3.

Debtor's Chapter 13 Plan appears to propose to pay Movant's secured claim of $19,196.04 at $8,120.00 at 3% interest, with $200.00 monthly pre-confirmation adequate protection payments and $200.00 monthly post-confirmation payments until May 2028, when payments will decrease to $38.33. However, it lists the incorrect creditor of the Collateral. If Debtor intends to retain the Collateral by providing for treatment within the plan, the plan must be amended to reflect the correct creditor to Movant.

4.

Movant objects to the treatment of its claim in the proposed plan, as Movant should receive no less than its full claim amount. The NADA value of the Collateral during the month of filing was $19,800.00. As the NADA value of the Collateral over secures the Movant's claim, the plan must be amended to pay Movant its full claim amount of $19,196.04, and evidence supporting any deductions must be provided in order for the value to reflect said deductions.

5.

Debtor's proposed interest rate of only 3% is not *Till* compliant. It provides *no* risk factor over *prime* rate; rather, the risk factor is 5.5% subprime. The prime rate of interest was 7.50% the month this case was filed. Debtor's prior Chapter 13 case dismissed before any plan payments came due. Given Debtor's history of nonpayment and failure to prosecute a prior Chapter 13 case, *Till* suggests the appropriate interest rate in this case to be 12.50%. Accordingly, the plan cannot be confirmed without an interest rate of at least 12.50%.

6.

The Collateral is depreciating through use and over time and the Debtor is not adequately protecting Movant's interest in the Collateral.  Debtor is not proposing an appropriate pre-confirmation adequate protection payments in violation of 11 U.S.C. Section 1326(a)(1)(C).

Debtor's plan proposes to pay $200.00 each month to Movant until May 2028. Debtor has driven for months with the protection of the automatic stay without paying adequate protection to Movant. This is bad faith. Movant should receive retroactively no less than $250.00 per month for pre- and post-confirmation payments prior to any step increase.

Any increase in pre-confirmation adequate protection payments must effectively be

retroactive to the filing date to pay Movant the correct amount of adequate protection (i.e., a lump sum amount sufficient to compensate for the difference in adequate protection previously disbursed by the Trustee and the amount to which Movant is entitled).

7.

This case may not be feasible in contravention of 11 U.S.C. §1325(a)(6). Debtor bears the burden of proving all elements of confirmation, including the feasibility of this case and should be required to produce documents to support all income and expenses listed on Schedules I and J.

8.

The specific terms of the proposed plan itself are not proposed in good faith in violation of 11 U.S.C. §1325(a)(3).

9.

Movant has no proof of full coverage insurance on the Collateral and is therefore not adequately protected.

WHEREFORE, the Movant prays that its Objection to Confirmation of Chapter 13 Plan be inquired into and sustained and that it has such other and further relief as this Court deems just and proper.

This February 18, 2025.

        The Law Office of
        LEFKOFF, RUBIN, GLEASON, RUSSO & WILLIAMS, P.C.
        Attorneys for Movant


        By:  /s/Philip L. Rubin
          Philip L. Rubin
          Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900
prubin@lrglaw.com

# 2022 Polaris Slingshot SL AutoDrive

| | |
|---|---|
| **Vehicle Type** | Motorcycles |
| **Manufacturer** | Polaris |
| **Year** | 2022 |
| **Type** | 3 Wheel Cycle |
| **Model** | Slingshot SL AutoDrive |
| **Piston Displacement (CCs)** | 1997 |
| **Stroke** | 4 |
| **Cylinders** | 4 |
| **Speeds** | Automatic |
| **Manufacturer's Reported Weight** | 1664 lbs |

| | Suggested List | Rough Trade-In/Wholesale | Clean Trade-In/Wholesale | Average Retail |
|---|---|---|---|---|
| **BASE PRICE** | $27,749 | $14,005 | $16,020 | $19,800 |
| **TOTAL PRICE** | $27,749 | $14,005 | $16,020 | $19,800 |

## Vehicle Notes

**Manufacturer Note:**
For further information on victory, see listing under victory motorcycles.

## Value Explanations

The values listed are a guide for appraisal purposes only. The values are a reflection of the unit's respective popularity. It may be necessary to adjust listed values to meet market conditions of your area. Used units in above average condition could be worth more than average retail value.

### Suggested List
The manufacturer's (distributor's) highest suggested list price in the U.S.A. when the unit was new. Unless indicated, the suggested list price does not include destination charges, dealer set-up, state or local taxes, license, tags or insurance.

### Rough Trade-In/Wholesale
This figure reflects the wholesale value of a used unit in need of repairs and refurbishing.

### Clean Trade-In/Wholesale
This figure reflects the clean wholesale value of a clean used unit "ready for resale".

### Average Retail
**(High Book)** This figure reflects the average retail value of a used unit "ready for resale". Units in excellent or prime condition may increase value 10% - 15%.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE | : CHAPTER 13 |
| ABUDU JOHN IGEIN | : CASE NO. 25-50776-PMB |
| Debtor. | : |
| _____ | : |
| PERFORMANCE FINANCE (A DIVISION OF EVERGREEN BANK GROUP), | : |
| Movant, | : CONTESTED MATTER |
| v. | : |
| ABUDU JOHN IGEIN, Debtor; and MELISSA J. DAVEY, Trustee, | : |
| Respondents. | : |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2025, I electronically filed the foregoing OBJECTION TO CONFIRMATION using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Melissa J. Davey
Chapter 13 Trustee
Standing Chapter 13 Trustee
Suite 2250
233 Peachtree Street, NE
Atlanta, GA 30303

I further certify that on this day I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each:

Abudu John Igein
5051 Brown Leaf Ct
Powder Springs, GA 30127

    Dated: February 18, 2025.

        The Law Office of
        LEFKOFF, RUBIN, GLEASON, RUSSO & WILLIAMS, P.C.
        Attorneys for Movant


        By:  /s/Philip L. Rubin
          Philip L. Rubin
          Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900
prubin@lrglaw.com